# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

PARNELL R. MAY                                                    PLAINTIFF

V.                              CASE NO.  4:20-cv-01300 JM

ARKANSAS STATE CRIME                                             DEFENDANTS
LABORATORY, *et al.*

## ORDER

Plaintiff Parnell R. May, in custody in the Pulaski County Detention Center, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983.  (Doc. Nos. 2, 4).  He also filed a motion to proceed *in forma pauperis*, which was granted.  (Doc. Nos. 1, 3).

## I.  Screening

Federal law requires courts to screen *in forma pauperis* complaints, 28 U.S.C. § 1915(e), and prisoner complaints seeking relief against a governmental entity, officer, or employee, 28 U.S.C. § 1915A.  Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served.  28 U.S.C. § 1915(e); 28 U.S.C. § 1915A.  A claim is legally frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  FED. R. CIV. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1957), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the

'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235- 236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

## II.    Discussion

May allegedly murdered Anna Marie Mireles; the first trial in *State v. May*, case no. 60CR-17-169,[1] ended in a mistrial in January 2018.  State criminal proceedings against May are ongoing; he will be retried in 2021.  (Doc. No. 2 at 3).

In this § 1983 action, May sued the Arkansas State Crime Laboratory ("ASCL") and Deputy Chief Medical Examiner Stephen A. Erickson, M.D.  (Doc. No. 2).   May contests the results of the autopsy report prepared by Erickson and maintains Erickson committed perjury while on the stand in January 2018.  (Doc. Nos. 2, 4).  According to May, Erickson concluded Mireles's death was the result of blunt force injuries to link her death with May's admission that he had an altercation with Mireles.  (Doc. No. 2 at 6).  May seeks damages. (*Id*. at 24-25.)

---

[1] The Court can notice the proceedings in May's state case because they are public records directly related to the issues here.  *Conforti v. United States*, 74 F.3d 838, 840 (8th Cir. 1996).
Information about May's state criminal casemay be accessed at:
https://caseinfo.arcourts.gov/cconnect/PROD/public/ck_public_qry_doct.cp_dktrpt_frames?backto=P&case_id=60CR-17-169&begin_date=&end_date=

In *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), the Supreme Court held that federal courts should abstain from interfering in ongoing state proceedings. The Court explained the rationale for such abstention as follows:

> [The concept of federalism] represent[s] . . . a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Id*. at 44.

Accordingly, a federal court must abstain from entertaining constitutional claims when: (1) there is an ongoing state judicial proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges. *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 602 (8th Cir. 1999); *Yamaha Motor Corp. v. Riney*, 21 F.3d 793, 797 (8th Cir. 1994). If all three questions are answered affirmatively, a federal court should abstain unless it detects "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

May is involved in ongoing state criminal proceedings, and Arkansas has an important interest in its criminal justice procedures. May can raise the autopsy report's alleged defects in his state-court criminal proceedings. As such, this Court should abstain from entertaining May's constitutional claims. Further, there is no indication of bad faith, harassment, or any other extraordinary circumstance that would make abstention inappropriate.

Having determined that the Court should abstain from entertaining May's claims, it must decide whether to dismiss, or to stay, the case.  Where only injunctive or equitable relief is sought, dismissal is appropriate.  *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 481 (8th Cir. 1998).  May, however, seeks damages.  Accordingly, May's case is stayed and administratively terminated.  *Stroud*, 179 F.3d at 603-04.

### III.   Conclusion

1.      The Clerk of the Court is directed to stay and administratively terminate this proceeding pending final disposition of May's state criminal charges.

2.      May may file a motion to reopen this case after such final disposition.

3.      The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal of this order would not be taken in good faith.

IT IS SO ORDERED this 10th day of December, 2020.

_____
UNITED STATES DISTRICT JUDGE